**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| ETC NORTHEAST PIPELINE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ASSOCIATED ELECTRIC & GAS | ) |
| INSURANCE SERVICES LIMITED, | ) |
| NATIONAL FIRE & MARINE | ) |
| INSURANCE COMPANY, NATIONAL | ) |
| UNION FIRE INSURANCE COMPANY | ) |
| OF PITTSBURGH PA., ASPEN | ) C.A. No. N21C-10-177 MMJ CCLD |
| SPECIALTY INSURANCE COMPANY, | ) |
| HDI GLOBAL INSURANCE | ) |
| COMPANY, IRONSHORE SPECIALTY | ) |
| INSURANCE COMPANY, LIBERTY | ) |
| SURPLUS INSURANCE | ) |
| CORPORATION, GENERAL | ) |
| SECURITY INDEMNITY CO. OF AZ, | ) |
| ACE AMERICAN INSURANCE | ) |
| COMPANY, XL INSURANCE | ) |
| AMERICA, INC., WESTPORT | ) |
| INSURANCE CORPORATION, | ) |
| ZURICH AMERICAN INSURANCE | ) |
| COMPANY, AND CERTAIN | ) |
| UNDERWRITERS AT LLOYD'S, | ) |
| LONDON, | ) |
| | ) |
| Defendants. | ) |

Submitted: November 15, 2023
Decided:  December 1, 2023

On Plaintiff's Motion for Reconsideration of the
Court's Dismissal of Counts II, III, and IV
of Plaintiff's Amended Complaint
**DENIED**

## <u>ORDER</u>

Kenneth H. Frenchman, Esq. (*pro hac vice*), Robin L. Cohen, Esq. (*pro hac vice*), Cohen Ziffer Frenchman & McKenna LLP, New York, NY, Jennifer C. Wasson, Esq., Carla M. Jones, Esq., Potter Anderson & Corroon LLP, Wilmington, DE, *Attorneys for Plaintiff*

Richard D. Gable, Esq. (*pro hac vice*) (Argued), Adam B. Masef, Esq. (*pro hac vice*), Butler Weihmuller Katz Craig LLP, Philadelphia, PA, Francis J. Murphy, Esq., Murphy & Landon, P.A., Wilmington, DE, *Attorneys for Defendants Counsel for Defendants Associated Electric & Gas Insurance Services Limited, National Fire & Marine Insurance Company, Aspen Specialty Insurance Company, HDI Global Insurance Company, Liberty Surplus Insurance Corporation, General Security Indemnity Co. of AZ, XL Insurance America, Inc., Westport Insurance Corporation, Zurich American Insurance Company and Certain Underwriters at Lloyd's, London*

Jacob Stutzman, Esq. (Argued) (*pro hac vice*), Carroll Warren & Parker PLLC, Jackson, MS, *Attorneys for Defendants ACE American Insurance, National Union Fire Insurance Company of Pittsburgh, P.A., and Lloyd's Syndicate No. 1183*

Rachel R. Hager, Esq. (*pro hac vice*), Finazzo Cossolini O'Leary Meola & Hager, LLC, Morristown, NJ, *Attorney for Defendant Ironshore Specialty Insurance Company*

**JOHNSTON, J.**

1.  By Opinion dated September 5, 2023, the Court granted Defendants Insurer' Motion to Dismiss Counts II-V.  The Court held:

> The Court finds that New York law applies to Counts II–V of ETC's Amended Complaint. New York law does not recognize a separate claim for breach of the implied covenant of good faith and fair dealing in the first-party insurance context when a plaintiff also pleads a breach of contract claim based on the same facts. New York law also does not recognize claims under Pennsylvania and Texas statutory law. The Amended Complaint fails to set forth any claims asserting Pennsylvania or Texas statutory law, or seeking statutory remedies, that are based solely on, and arise independently from, statutory rights and obligations. All claims are related to the Policy and will involve interpreting and construing contract provisions in order to determine whether ETC is entitled to relief.[1]

2.  Plaintiff has moved for reconsideration of the Court's dismissal of Counts II, III and IV.

3.  Plaintiff argues that Count II is not based on the same facts as the breach of contract claim.  Rather, the breach of the implied covenant of good faith and fair dealing count is distinct from the contractual failure to pay.  Plaintiff alleges that ETC:

> a.  issued "voluminous" and "onerous" requests for information and documents that "had no bearing on [Defendants'] coverage obligations" (Compl. ¶¶ 61–62, 64);

> b.  improperly "threatened to interfere with ETC's business relationships" (Compl. ¶ 66); and

---

[1] *ETC Northeast Pipeline, LLC v. Associated Electric & Gas Ins. Svcs. Ltd.*, 2023 WL 6441815, at *6 (Del. Super.).

3

c. failed to conduct a reasonable investigation of ETC's claim by, *inter alia*, "ignoring the voluminous documentation" that ETC provided (Compl. ¶¶ 83, 89, 93(i)).

Plaintiff cites numerous New York cases in support of this argument.

4. In the September 5, 2023 Opinion, the Court considered New York law on this issue. The case law is not entirely clear. The Court made its determination in a manner consistent with the weight of authority. The Court ultimately found:

> Therefore, the Court finds that New York law requires dismissal of a claim for the breach of the covenant of good faith and fair dealing in the first-party insurance context where "a breach of contract claim, based on the same facts, is also pled."[2] However, "consequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were 'within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting.'"[3]

---

[2] *Woodhams v. Allstate Fire & Cas. Co*., 748 F. Supp. 2d 211, 223 (S.D.N.Y. 2010), *aff'd*, 453 F. App'x 108 (2d Cir. 2012) (quoting *Vitrano v. State Farm Ins. Co*., 2008 WL 2696156, at *3 (S.D.N.Y.)); *see also Scottsdale Ins. Co. v. McGrath*, 549 F. Supp. 3d 334, 344, n.2 (S.D.N.Y. 2021) ("In the first-party context, 'New York Law . . . does not recognize . . . "an independent cause of action for bad faith denial of insurance coverage."'" (quoting *Woodhams*, 748 F. Supp. 2d at 223)); *Violet Realty, Inc. v. Affiliated FM Ins. Co*., 267 F. Supp. 3d 384, 388 (W.D.N.Y. 2017) ("'[R]aising both [a breach of contract and bad faith] claim[] in a single complaint is redundant, and courts confronted with such complaints under New York law regularly dismiss any freestanding claim for breach of the covenant of fair dealing.'" (quoting *Jordan v. Verizon Corp*., 2008 WL 5209989, at *7 (S.D.N.Y.))); *2004 Bowery Partners, LLC v. E.G. W. 37th LLC*, 2011 WL 2651792, at *6 (N.Y. Sup. Ct.) ("Under New York law, there is no separate cause of action for breach of the implied duty of good faith and fair dealing because it "is merely a breach of the underlying contract[.]"); *Head v. Emblem Health*, 156 A.D.3d 424, 425 (N.Y. App. Div. 2017) ("There is no independent cause of action for bad faith breach of insurance contract arising from an insurer's failure to perform its obligations under an insurance contract." (internal quotations and citations omitted)).

[3] *Id*. at *4; *Panasia*, 886 N.E.2d at 137 (internal quotations omitted); *see also Bi-Econ.*, 886 N.E.2d at 132 (holding that the plaintiff may seek consequential damages for its breach of contract claim); *Chaffee v. Farmers New Century Ins. Co*., 2008 WL 4426620, at *5 (N.D.N.Y.) ("[T]he Court finds that Plaintiffs' claim for consequential, extra-contractual damages is properly part of their breach-of-contract claim and not a separate cause of action subject to dismissal on a Rule 12(c) motion.").

5. The Court further finds that the facts alleged by Plaintiff as "distinct" are not sufficiently different to sustain a separate cause of action for breach of the implied covenant of good faith and fair dealing. In the context of this case, the factual contentions - allegedly burdensome requests for information and documents, improper threats to interfere with business relationships, and failure to conduct a reasonable investigation of Plaintiff's claim - do not support a separate cause of action. All of these actions, if proven at trial, would constitute Defendants' failure to perform its obligations under the insurance contract to properly conduct the investigation into Plaintiff's claim.[4] The Court previously considered, and rejected, Plaintiff's argument, finding:

> The Court finds *Thrall* unpersuasive to the extent it permitted a breach of contract claim to run parallel with a separate cause of action for bad faith. The Court relies instead on the greater weight of authority set forth in other cited New York cases. Under New York law, breach of the implied covenant of good faith and fair dealing may be alleged as part of the breach of contract claim, but breach of the implied covenant of good faith and fair dealing—and bad faith breach of contract—cannot be pled as independent causes of action, at least in cases involving first-party insurance claims. Additionally, consequential damages may be pled as part of a breach of contract claim as outlined in *Panasia* and *BiEconomy*.[5]

---

[4] Interference with business relationships potentially is a claim sounding in tort. However, for purposes of Plaintiff's complaint, the Court finds that the alleged obligation - to not interfere with other business relationships - is not an implied covenant in the insurance contract.

[5] *Id.* at *5.

6. Plaintiff also argues that the New York choice-of-law provision does not apply to Plaintiff's Texas statutory claims. Instead, only policy *interpretation* disputes are governed and construed in accordance with New York law. The Court previously considered and declined to accept Plaintiff's proffered application of the choice-of-law section.

> The Court finds that while the Policy's choice-of-law provision is not a model of precise drafting, the Policy's choice-of-law provision nevertheless is broad and unambiguous. The provision states that New York law applies to "any dispute relating to this Policy." The Amended Complaint fails to set forth any claims asserting Pennsylvania or Texas statutory law, or seeking statutory remedies, that are based solely on, and arise independently from, statutory rights and obligations. All claims are related to the Policy and will involve interpreting and construing contract provisions in order to determine whether ETC is entitled to relief.

7. The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[6] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.[7] "A motion for reargument should not be used merely to rehash the

---

[6] *Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (Del. 1969).

[7] *Ferguson v. Vakili*, 2005 WL 628026, at *1 (Del. Super.).

arguments already decided by the court."[8]  To the extent Plaintiff has asserted issues that were not raised in the submissions in support of its motion, new arguments may not be presented for the first time in a motion for reargument.[9] A court cannot "re-weigh" evidence on a motion for reargument.[10]

8.  The Court has reviewed and considered the parties' written submissions and arguments.  The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

**THEREFORE,** Plaintiff's Motion for Reconsideration of the Court's Dismissal of Counts II, III, and IV of Plaintiff's Amended Complaint is hereby **DENIED.**

**IT IS SO ORDERED.**

/s/ *Mary M. Johnston*
The Honorable Mary M. Johnston

---

[8] Wilmington Trust Co. v. Nix, 2002 WL 356371, at *1 (Del. Super.).

[9] *Oliver v. Boston University*, 2006 WL 4782232, at *1 (Del. Ch.).

[10] *Manichean Capital, LLC v. Sourcehov Holdings, Inc.*, 2020 WL 11660067, at *3 (Del. Ch.).